JUAN S. MARCHÁN, Plaintiff and Appellant, v. JOSÉ PEDRO OTAZABAL ET AL., Defendants and Appellees.

No. 5595. Argued March 16, 1931.—Decided March 31, 1931.

Reinstated April 30 1931.

*R. Díaz Collazo* for appellant.  *Largé & Acevedo* for appellees.

Mr. Justice Texidor delivered the opinion of the Court.

Doctor Juan S. Marchán, plaintiff herein, appealed from a judgment rendered by the District Court of San Juan in an action prosecuted by him against the Succession of Adolfo Graciano Eguen Otazabal to recover compensation for professional services. The notice of appeal was filed on June 13, 1930. The appellant applied for a transcript of the evidence which was prepared, and the same was approved on December 29, 1930, and sent up to this Court on January 28, 1931. This transcript contains 683 pages and there is a supplemental transcript consisting of 12 pages.

No transcript of the record proper has been filed and the appellant has requested several extensions of time to do so, on the ground that the stenographer has been unable to complete it. The last extension which appears to have been granted by this Court expired on March 14, 1931. On March 9, 1931, the appellant applied for an extension of 30 days to prepare and file his brief, which was granted, and on the 13th of the same month he asked for another extension of 30 days for filing the transcript of the record on the ground that counsel for the appellant had attempted to prepare that transcript in agreement with the attorneys for the appellees who refused their consent; that the expense for preparing the transcript amounted to $50 approximately, and that the

appellant resided in Manatí; that the attorney for the appellant was in urgent need of going to the continental United States to be absent twenty days and was sailing on March 14, 1931. This application has not been acted upon.

The appellees filed a motion to dismiss the appeal and urged that the transcript of the record had not been filed and more than thirty days had elapsed since the approval of the transcript of the evidence; that Act No. 81 of 1919 provides that the complete record should be sent up to this Court without any delay within that time; that no delivery had been made to the clerk of the district court of the certificate of the documents constituting the judgment roll or of the corresponding fees; and that the appeal had not been perfected, and the extensions granted are void.

Section 299 of the Code of Civil Procedure, as amended by Act No. 81, of 1919, in its pertinent part reads as follows:

"The record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal, except in the case of approval of a transcript of the evidence pursuant to law. In this case the record of an appeal shall be constituted by the said original transcript and certificate of all other documents constituting the judgment roll, authorized in the manner hereinbefore provided. It shall be the duty of the appellant to deliver to the secretary the said certificate authorized by the attorneys for the parties or to solicit the same from the said secretary which officer shall transmit to the Supreme Court, without any delay, the complete record on appeal. The record on appeal shall be filed in the office of the secretary of the Supreme Court within the next thirty days following that on which the bill of exceptions was approved, with a declaration that notice has been served upon the counsel for the appellees, with a literal copy of the same, certified to by the attorney for the appellant, but delay on the part of the secretary shall not be prejudicial to the appeal. In case that a transcript of the evidence has been approved, the term shall be counted from and after the approval thereof, and the aforesaid declaration shall be limited to the delivery of the remaining part of the judgment roll."

The statutory text is clear; the transcript of the record is made to consist of the transcript of the evidence, or the statement of the case, and the judgment roll. Undoubtedly, it is not incumbent on the stenographer of the court to make a transcript of the documents constituting the judgment roll, the authentication of which is a duty imposed by the law upon the clerk of the court or the attorneys for the parties. If any of the parties commissions the stenographer to prepare such a transcript, the party himself is responsible for the greater or lesser diligence or ability displayed by the stenographer in preparing the same.

Under the provisions of the law, the transcript of the record is considered as an entirety. Its filing in a fragmentary form can not be considered as a compliance with the legal requirements, and this is what occurred in the present case.

More than ninety days have elapsed since the filing of the appeal in this case. According to Rule 60 of this Court, upon the failure of the appellant to comply with any duty or requirement imposed upon him by a statute or rule, the Court may dismiss the appeal on its own motion or at the instance of a party.

The appellant can not claim that he has filed the transcript of the record as the same is defined by the law.

The appeal is dismissed.

Mr. Chief Justice del Toro and Mr. Justice Hutchison dissented.

### ON RECONSIDERATION

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

We have been asked to reconsider our decision of March 31, 1931, dismissing this appeal.

It is not infrequent for petitioners for a rehearing to insist upon arguing questions already determined, without submitting any new points that might have escaped the attention of this Court when considering and deciding the case

originally. As regards such questions, what the Court has previously said is sufficient.

There is nothing in our former decision which would tend to limit the powers and rights of this Court or to warrant such belief. The Court is quite conscious of its powers and in granting extensions it acts with as much liberality as it can.

The facts in the present case show a disregard of some of the elementary rules in the prosecution of an appeal. There is nothing either in the law or in the rules of this Court justifying the filing in a fragmentary form of the transcript of the record, nor indicating that it is incumbent on the stenographer of the court to prepare the judgment roll. The party who commissions the stenographer to undertake such work does so at his own risk.

Rule 58 of this Court does not say what the petitioner claims in partially citing the text thereof, which reads:

"If the transcript of the record or the brief made by appellants be not filed within the time prescribed, the appeal may be dismissed, on motion, after notice given. If the transcript, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion."

The court may dismiss an appeal on motion; if the transcript of the record is filed before the hearing of the motion, such fact should be a sufficient answer, but this would not preclude the Court from deciding what it might deem most fair.

Here the motion to dismiss was filed on February 27, 1931. The appellant instead of filing the transcript moved on the 14th of the following March, that is, some fifteen days after the service of such motion, for a new extension for such filing, at which time he had it already in his possession; and even then he needed, as stated by him, thirty days more to have the clerk certify the transcript. The motion was heard on March 16 without the transcript having

been filed. If it had been filed, Rule 58, of which we are now reminded, might properly be invoked.

However, disregarding the insistence with which a non-existent right is claimed; bearing in mind that there has. been presented a transcript of the evidence containing nearly 700 pages; that the appellees refused, as alleged, to sign the certificate of the judgment roll; and that the defect has been due to an erroneous, if unacknowledged, interpretation of the law, we will use our discretionary powers in reinstating this appeal, and will grant to the appellant ten days within which to file the judgment roll and add the same to the transcript of the evidence.